**Jeffrey STEIN and Rabindranauth Ramson, on their own Behalf, in a Representative Capacity on Behalf of the Members of the Public of the District of Columbia, and on Behalf of all other Similarly Situated Bank of America Customers, Appellants**

v.

**BANK OF AMERICA CORPORATION, et al., Appellees.**

No. 12–7102.

United States Court of Appeals, District of Columbia Circuit.

Nov. 5, 2013.

Joseph Aloysius Hennessey, Esquire, Beins, Goldberg & Hennessey, LLP, Chevy Chase, MD, for Appellants.

Bradley Stuart Lui, Robert A. Salerno, Brian Robert Matsui, Morrison & Foerster LLP, Washington, DC, Mark Paul Ladner, Michael B. Miller, Morrison & Foerster LLP, New York, NY, for Appellees.

Before: GARLAND, Chief Judge, and ROGERS and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the district court's order entered August 28, 2012 be affirmed.

The plaintiffs in this case contend that Bank of America violated the Right to Financial Privacy Act, which bars financial institutions from "provid[ing] to any Government authority access to . . . the financial records of any customer" without complying with certain procedures. 12 U.S.C. § 3403(a). But the plaintiffs do not allege that Bank of America "provid[ed]" their financial records "to" the government. Rather, they "believe" and "suspect" that the bank sent customers' financial records to service centers abroad, which they allege may have exposed the records to possible surveillance by the U.S. government, which they further allege is not as constrained by legal limits on surveillance abroad as it is domestically. This does not assert an injury cognizable under the Act. Indeed, even if such indirect "prov[iding]" did come within the scope of the Act, the

claim of injury is both "conjectural" and the "result of the independent action of [a] third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citation omitted) (internal quotation marks omitted). It is also "highly speculative" because it relies on "a highly attenuated chain of possibilities." *Clapper v. Amnesty Int'l USA*, — U.S. ——, 133 S.Ct. 1138, 1148, 185 L.Ed.2d 264 (2013).

Pursuant to D.C.Cir. RULE 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41(a)(1).